CYNTHIA E. JONES, RESPONDENT, *v.* JANE MEM-MOTT, APPELLANT.

[See *Jones* v. *Memmott*, 7 Utah, 340.]

EJECTMENT. — EQUITABLE DEFENSE. — SPECIFIC PERFORMANCE. — Where in an action of ejectment the defense interposed is possession under an alleged contract of purchase, which contract was never performed, and the defendant shows no right to a specific performance; *held* that the jury were properly instructed to return a verdict for the plaintiff.

ID.—ID.—ID.—STATEMENT OF FACTS.—Plaintiff through J., her husband as her agent, sold a lot to M., defendant's husband, for $1,200. M. paid $700 of the purchase money and went into possession with defendant. Subsequently M. and J. as plaintiff's agent, agreed to rescind the contract in consideration of a repayment in cash of a portion of the $700 and J.'s note for $500. M., having received the money and note agreed upon, left the country. Then plaintiff agreed to let

defendant have the premises on the same terms as those given to M., provided defendant paid $750 in cash and indemnified J. against payment of the note given to M. Defendant refused this offer and plaintiff brought ejectment; *held* that the court should have directed a verdict for the plaintiff.

APPEAL from a judgment of the district court of the first district. The opinion states the facts except the following:

The abstract in this case shows the pleadings, which were a complaint in ejectment, an answer and cross-complaint alleging a right to the specific performance of a contract to purchase, an answer to the cross-complaint with specific denials of every allegation thereof. Trial was had before a jury, verdict entered and judgment thereon December 9, 1891, and a notice of appeal and undertaking thereon filed December 18, 1891. No bill of exceptions ever seems to have been filed, no motion for new trial was made; *quære* how did the evidence come before the supreme court for review?

*Messrs. Kellogg and Corfman,* for the appellant.

*Messrs. King and Houtz,* for the respondent.

MINER, J.:

This action of ejectment was brought by the plaintiff to recover possession of a certain house and lot in Payson, alleged to belong to the plaintiff. From the proofs taken in the case we gather that the plaintiff owned the lot in question, and through the agency of her husband, James S. Jones, sold the same to James W. Memmott, husband of the defendant, for the sum of $1,200. Memmott afterwards paid $700 of the purchase price, and went into possession of a portion of the property with defendant and her children. By the terms of the agreement of sale, the balance of the purchase price ($500)

was to be thereafter paid in lumber and building material, as plaintiff might require it. The contract was verbal. A deed conveying the premises to Memmott was to be delivered after the payments were all made, The balance due upon the contract was never paid. After Memmott and the defendant had been in possession of the house for several months, James W. Memmott, without the knowledge of the defendant, stated to Mr. Jones that he was unable to pay the balance due upon the place, and desired to surrender possession of the premises; whereupon it was agreed between Mr. Memmott and Mr. Jones, as agent for the plaintiff, that Jones would pay Memmott $160 in cash, and give him his note for $500, in consideration of which the sale was to be rescinded, and Memmott was to deliver up possession of the house and lot to plaintiff. Jones paid the money and delivered the note to Memmott, who soon after left the country, leaving the defendant in possession of the premises. Plaintiff then demanded possession of the premises from the defendant, whereupon defendant proposed to take the property upon the same terms as originally agreed upon between her husband and the plaintiff. This proposal was agreed to by Mr. Jones, provided $725 cash was paid down, and he was indemnified against the payment of the $500 note previously given to Mr. Memmott. The defendant did not accede to this offer, nor were these payments ever made or tendered; whereupon this action was brought to recover possession. At the trial, after both parties had rested, the court directed judgment for the plaintiff, to which direction the defendant excepted, and alleges error.

Upon a full examination of all the testimony, we are satisfied the court committed no error in directing a verdict for the plaintiff. There was no conflict in the testimony so far as the pleadings presented an issue for trial, and no evidence was introduced upon which a ver-

dict for the defendant could be supported. The alleged subsequent contract of purchase by the defendant was never consummated. In fact, the minds of the parties never fully met upon the terms of the alleged subsequent contract of purchase, and no part of the alleged contract was ever performed by the defendant. We find no error in the record. The judgment of the court below is affirmed, with costs.

ZANE, C. J., and ANDERSON, J., concurred.